# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Sanimax, LLC, <br><br> Plaintiff, <br><br> v. <br><br> City of South St. Paul, <br><br> Defendant. | Case No. 20-cv-1210 (SRN/ECW) <br><br><br> **ORDER ON DEFENDANT'S OBJECTIONS** |

Henry M. Helgen, III and Leland Patrick Abide, Kutak Rock LLP, 60 S. 6th St., Ste. 3400, Minneapolis, MN 55402; Aaron R. Wegrzyn, Kimberly K. Dodd, and Megan Isom, Foley & Lardner LLP, 777 E. Wisconsin Ave., Milwaukee, WI 53202; Andrew C. Gresik and Stephan J. Nickels, Foley & Lardner, PO Box 1497, Madison, WI 53701, for Plaintiff

John M. Baker and Katherine M. Swenson, Greene Espel PLLP, 222 S. 9th St., Ste. 2200, Minneapolis, MN 55402, for Defendant

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter is before the Court on Defendant City of South St. Paul's Objections [Doc. No. 96] to Magistrate Judge Elizabeth Cowen Wright's October 18, 2021 Order ("the Order") [Doc. No. 94]. Based on a review of the record, including information that was not before Magistrate Judge Wright at the time she issued the Order, the Court sustains Defendant's Objections and respectfully modifies the October 18, 2021 Order on Plaintiff's Motion to Compel [Doc. No. 54].

## II.   BACKGROUND

### A.  Factual Background

Plaintiff Sanimax, LLC ("Sanimax") operates an animal rendering facility in South St. Paul, Minnesota.  (Compl. [Doc. No. 1] ¶ 4.)

In 2014, Defendant, the City of South St. Paul ("the City"), entered into an agreement with an independent contractor, Short-Elliott Hendrickson, Inc. ("SEH"), under which SEH was to review existing odor monitoring data, conduct supplemental odor monitoring, and assist the City in evaluating progress on its odor management plans.  (Order at 8.)

In 2016, pursuant to a municipal nuisance ordinance prohibiting "offensive or obnoxious odors," the City designated Sanimax as a "significant odor generator."  (*Id*. at 1–2.)   In response, Sanimax filed suit against the City, challenging the ordinance as unconstitutionally vague.  (Compl. ¶ 29.)  As a result of the lawsuit, the City removed Sanimax's designation as an odor generator and modified the ordinance to address some of the issues that Sanimax had identified.  (*Id*.)

In October 2019, the City proposed a zoning amendment to create a new "light industrial zone" covering the location of Sanimax's facility.  (*Id*. ¶ 33.)  The City passed the zoning amendment in November 2019, and it went into effect that month.  (*Id*. ¶ 40.)  Sanimax alleges that it is the only business in the "light industrial zone" that faces significant negative impacts from the zoning amendment, which turns its use of the facility into a legal non-conforming use.  (*Id*. ¶ 35.)

In May 2020, Sanimax filed the instant litigation pursuant to 42 U.S.C. § 1983, asserting constitutional violations of its due process and equal protection rights, as well as a

claim for inverse condemnation. The parties have been engaged in discovery. In response to Sanimax's discovery requests to the City and SEH concerning communications between the two entities, the City declined to produce certain documents based on the attorney-client privilege and work product doctrine. The City produced a privilege log regarding the withheld documents.

The law firm of LeVander, Gillen & Miller, P.A. serves as the City Attorney for the City of South St. Paul. (Land Decl. [Doc. No. 64] ¶ 3.) Attorney Korine Land, a shareholder at the firm, has primary responsibility for the City's representation. (*Id*.) In connection with this litigation, Ms. Land reviewed the privilege log, noting that she was the sender or recipient of nearly all of the communications, which contained legal advice or information to facilitate the provision of legal advice. (*Id*. ¶¶ 11–12.)

Sanimax moved to compel the production of the withheld documents. Among its arguments, it asserted that the City's communications with Ms. Land and SEH were not confidential, as the presence of third-party SEH destroyed any applicable privilege. (Pl.'s Mem. in Supp. Mot. to Compel [Doc. No. 55] at 13–14.) In response, the City argued that SEH was the functional equivalent of a City employee for purposes of the attorney-client privilege, relying on *In re Bieter Co.*, 16 F.3d 929 (9th Cir. 1994).

At the hearing on Sanimax's Motion to Compel, Magistrate Judge Wright directed the parties to select 25 documents on the privilege log for *in camera* review. (July 2, 2021 Minutes [Doc. No. 69].)

### B.  October 18, 2021 Order and the City's Objection

After conducting her *in camera* review, the magistrate judge issued the Order on

3

Plaintiff's Motion to Compel, which she granted in part and denied in part. Magistrate Judge Wright applied *Bieter* and found that the attorney-client privilege applied to communications between SEH and the City's legal counsel, to the extent the documents in question otherwise qualified as privileged communications. (Order at 17–21.)

With respect to two specific documents at issue here—email chains identified on the privilege log as items 76 and 77—she found that Ms. Land provided legal representation. (*Id*. at 28.) While nearly all of the email recipients of items 76 and 77 were City employees, Ryan Schroeder, of Schroeder Properties, was also a recipient. (*Id*.) Magistrate Judge Wright believed that Schroeder was a third party, noting that the City had submitted no evidence showing that he was a person within the City's organization who needed to know the contents of the two communications. (*Id*.) Thus, the magistrate judge concluded that by voluntarily disclosing attorney-client communications to a third party, the City had waived the attorney-client privilege with respect to items 76 and 77 on the privilege log.[1] (*Id*.) (citing *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 608 (8th Cir. 1977)).

The City now objects to the magistrate judge's Order, in limited part. (Def.'s Objs. at 4.) It argues that it did not waive the attorney-client privilege with respect to privilege-log items 76 and 77, and it properly withheld them. (*Id*.) The City explains that the parties did not previously address Ryan Schroeder's status because Sanimax's Motion to Compel did not challenge the withholding of these documents on waiver grounds involving Schroeder. (*Id*. at 6 n.3.) Rather, Sanimax based its waiver argument on non-party SEH's involvement in the

---

[1] The magistrate judge ruled on a number of other documents in the Order that are not at issue here.

4

communications. (Pl.'s Mem. in Supp. Mot. to Compel at 9–19.) The City believes that Magistrate Judge Wright mistakenly assumed that Schroeder was an outsider, rather than the Project Manager for the City's Economic Development Authority, whom the City had hired while seeking to fill the newly created position of Economic Development Manager. (Def.'s Objs. at 1, 4.) In support of its Objections, the City provides documents describing Schroeder's role with the City, as well as his contractual agreement with the City. (Swenson Decl. [Doc. No. 97], Exs. A (Mtg. Agenda) & B (City/Schroeder Agmt.).)

The City further contends that given Schroeder's role, it included him as a necessary recipient of the email chain found at item 76. (Def.'s Objs. at 4–5.) That email chain generally solicited feedback about an upcoming meeting with Sanimax regarding the preparation of an odor-mitigation plan. (*Id*. at 4–5.) The City notes that the second email message, item 77, contains the City Attorney's response to the City Administrator's request for strategic input about the meeting. (*Id*. at 5.)

Finally, the City observes that Magistrate Judge Wright denied Sanimax's Motion to Compel with respect to several emails that were sent to Ryan Garcia, whom the City subsequently hired as the Economic Development Division Manager. (*Id*. at 6; Swenson Decl., Ex. 3 (Screenshot of SPPS Directory).) If Garcia was properly included on privileged emails about odor mitigation plans, the City argues, "then his interim predecessor was appropriately included on items 76 and 77, which also involved the City Attorney's legal advice about an odor mitigation plan." (Def.'s Objs. at 6.)

Sanimax filed no response in opposition to the City's Objections.

### III. DISCUSSION

#### A. Standard of Review

In reviewing an order from a Magistrate Judge, the Court must set aside portions of an order that are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a); Local Rule 72.2. Such an order is "clearly erroneous" when, after a thorough review of the record, the "court is left with the definite and firm conviction that a mistake has been committed." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Thorne v. Wyeth*, No. 06-cv-3123 (PAM/JJG), 2007 WL 1455989, at * 1 (D. Minn. May 15, 2007)). The order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

#### B. Application of the Attorney-Client Privilege to Communications Involving Schroeder

As to the substance of the two emails, items 76 and 77, the magistrate judge found that they concerned legal issues and involved Ms. Land's representation of the City. (Order at 28.) Barring waiver of the attorney-client privilege, the Court agrees that the two documents are privileged. But, as noted, Sanimax did not argue that the City had waived the attorney-client privilege by virtue of copying Schroeder on the emails. Accordingly, the facts that the City presents in its Objections were not before Magistrate Judge Wright.

However, the law that Magistrate Judge Wright applied to determine whether attorney-client privilege attaches to communications involving an independent contractor such as SEH applies equally to Schroeder. Pursuant to his agreement with the City, Schroeder served as

6

an independent contractor. (Swenson Decl., Ex. B (City/Schroeder Agmt.) ¶ 14.) As Magistrate Judge Wright correctly noted, a corporation's assertion of attorney-client privilege applies to communications between its employees and corporate counsel as long as the communications are made at the direction of corporate superiors in order to secure legal advice. *Upjohn v. United States*, 449 U.S. 383, 394–95 (1981).

The magistrate judge also observed that in *Bieter*, the Eighth Circuit extended the attorney-client privilege to communications between corporate counsel and independent contractors who act as the functional equivalent of employees. 16 F.3d at 938–39. The independent contractor in *Bieter* had "varied and extensive" duties, worked in the company's office, had daily interactions with the manager of the office, attended meetings with counsel, received communications from attorneys, and appeared at public hearings on the company's behalf. *Id*. at 933–34. Moreover, the Eighth Circuit found the independent contractor likely possessed information relevant to the dispute and was "precisely the sort of person with whom a lawyer would wish to confer confidentially in order to understand [the company's] reasons for seeking representation." *Id*. at 938. While the Eighth Circuit has not addressed whether the attorney-client privilege similarly applies to government agencies and their independent contractors, the Court agrees with Magistrate Judge Wright that "'there is no reason to find that this privilege does not extend to government agencies.'" (Order at 18) (quoting *Harvey v. Great Circle*, No. 4:19-CV-902-NAB, 2020 WL 6544237, at *3 (E.D. Mo. Nov. 6, 2020)).

Here, the City hired Schroeder on May 9, 2016 to temporarily manage the City's new Economic Development Division. (Swenson Decl., Ex. A (Mtg. Agenda) at 2.) The City envisioned that Schroeder would serve as a transitional manager who would also mentor the

person ultimately selected as the Economic Development Manager. (*Id*.) Among his duties, the City tasked Schroeder with "attend[ing] project meetings, staff meetings, Economic Development Advisory Board meetings or other meetings as requested," and "present[ing] project updates and recommendations to the South St. Paul City Council and the [Economic Development Division] as requested or required." (Swenson Decl., Ex. B (City/Schroeder Agmt.) at 7).)

The two email chains at issue date from approximately one week after Schroeder's hiring, in mid-May 2016. As noted, in the email chain identified as item 76, City Administrator Steve King solicited input from City Attorney Land and other City employees about an upcoming meeting with Sanimax regarding the preparation of an odor mitigation plan. (*See* Def.'s Objs. at 4–5.) In the body of one of the messages, King explained that he copied Schroeder in light of Schroeder's new responsibilities with the City, in which odor issues would arise. (*Id*.) As noted earlier, the second email chain also contains the City Attorney's response to King's request for input about the meeting. (*Id*. at 5.)

The Court finds that the City and Schroeder were sufficiently interrelated with respect to odor mitigation issues such that Schroeder, in his role as the interim Economic Development Authority's Project Manager, was the functional equivalent of a City employee. Therefore, the City did not waive the attorney-client privilege by including Schroeder in these two communications. Furthermore, as the City notes, in subsequent emails between Ms. Land and City staff that are listed on the City's privilege Log, staff copied Ryan Garcia, who ultimately served as the City's Economic Development Division Manager. (*See id*. at 6) (discussing Privilege Log Items 113, 115, 116, and 118). As with item numbers 76 and 77,

8

some of these communications contained the City Attorney's advice about an odor mitigation plan.  (*Id*.)  Magistrate Judge Wright denied Sanimax's Motion to Compel these documents, finding them covered by the attorney-client privilege.  (Order at 29–30.)  Again, the City contemplated that Schroeder would serve as a transitional manager and a mentor to Garcia, (Swenson Decl., Ex. A (Mtg. Agenda)), and included him in legal discussions about odor mitigation plans.  The Court agrees with the City that just as Garcia was appropriately copied on subsequent, privileged emails, his interim predecessor was appropriately copied on items 76 and 77 without waiving the attorney-client privilege.

In conclusion, the Court finds that Magistrate Judge Wright lacked the additional information that the City has now provided, and to which Sanimax has submitted no response.  Through no fault of the magistrate judge, the facts on which she based her rulings with respect to items 76 and 77 were incomplete.  Accordingly, the Court respectfully modifies the October 18, 2021 Order on a limited basis and denies Sanimax's Motion to Compel with regard to the documents referenced on the privilege log at items 76 and 77.

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant City of South St. Paul's Objections [Doc. No. 96] to Magistrate Judge Elizabeth Cowen Wright's October 18, 2021 Order are **SUSTAINED**; and

2. Magistrate Judge Elizabeth Cowen Wright's October 18, 2021 Order [Doc. No. 94] is respectfully **MODIFIED**, as set forth herein.

9

Dated: December 6, 2021

s/Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Judge